IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TELECOMM INNOVATIONS, LLC,

*Plaintiff*

v.

SEIKO EPSON CORP. and EPSON
AMERICA, INC.,

*Defendants*

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telecomm Innovations, LLC ("Telecomm" or "Plaintiff"), for its Complaint

against Defendants Seiko Epson Corp. and Epson America, Inc. (collectively, "Defendants"),

alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.      Plaintiff Telecomm is a limited liability company organized under the laws of the

State of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware, 19801.

3.      Upon information and belief, Seiko Epson Corp. is a corporation organized and

existing under the laws of Japan, with its principal executive offices at 3-3-5 Owa, Suwa,

Nagano 392-8502, Japan.  Upon information and belief, Seiko Epson Corp. sells and offers to

sell products and services throughout the United States, including in this judicial district, and

introduces products and services that perform infringing processes into the stream of commerce

knowing that they would be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Epson America, Inc. is a corporation organized and existing under the laws of the State of California, with its principal executive offices at 3840 Kilroy Airport Way, MS 2-35, Long Beach, California 90806.  Upon information and belief, Epson America, Inc. sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

8.      Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,396,519

9.      The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10.      On March 5, 1995, U.S. Patent No. 5,396,519 Patent ("the '519 Patent"), entitled "Method and Apparatus for Adaptively Providing Precoding and Preemphasis Conditioning to Signal Data for Transfer over a Communication Channel," was duly and legally issued by the

United States Patent and Trademark Office.  A true and correct copy of the '519 Patent is attached as Exhibit A.

11.     Telecomm is the assignee and owner of the right, title and interest in and to the '519 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12.     Upon information and belief, each of the Defendants has and continues to directly infringe one or more claims of the '519 Patent by using, and/or providing and causing to be used products that incorporate dial up modems or functionalities that perform the signal conditioning method claimed in the '519 Patent, including, without limitation, fax-capable products such as Artisan 837, Workforce 320, Workforce Pro WP-4530, and others (the "Accused Instrumentalities").

13.     Defendants were made aware of the '519 patent and their infringement thereof at least as early as the filing of this Complaint.

14.      At least as of the filing of this Complaint, each of the Defendants is, on information and belief, inducing infringement of one or more claims of the '519 patent by, without limitation, making, using, importing, selling and/or offering for sale the Accused Instrumentalities for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the Accused Instrumentalities that promote and demonstrate how to use the Accused Instrumentalities in a manner that would infringe the '519 patent.

15.     Upon information and belief, at least as of the filing of this Complaint, Defendants specifically intended to induce infringement by its customers and others by at least

the acts set forth in paragraph 14, knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement.  Upon information and belief, Defendants' customers and others have infringed and are continuing to infringe the '519 patent.

16.     Telecomm has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Telecomm demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Telecomm demands judgment for itself and against Defendants as follows:

A.      An adjudication that Defendants have infringed the '519 Patent;

B.      An award of damages to be paid by Defendants adequate to compensate Telecomm for their past infringement of the '519 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.      An award to Telecomm of such further relief at law or in equity as the Court deems just and proper.

Dated:  July 19, 2013                    STAMOULIS & WEINBLATT LLC


                                         */s/ Richard C. Weinblatt*
                                         Stamatios Stamoulis #4606
                                              stamoulis@swdelaw.com
                                         Richard C. Weinblatt #5080
                                              weinblatt@swdelaw.com
                                         Two Fox Point Centre
                                         6 Denny Road, Suite 307
                                         Wilmington, DE 19809
                                         Telephone: (302) 999-1540

                                         *Attorneys for Plaintiff*
                                         *Telecomm Innovations, LLC*